UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGELA DE LONG,<br><br>               Plaintiff,<br>v.<br><br>BANK OF AMERICA, N.A., POLYMATHIC PROPERTIES, INC., and DOES 1 TO 100, inclusive,<br><br>               Defendants. | Case No.: 11-CV-06388-LHK<br><br>ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; DENYING MOTION FOR PRELIMINARY INJUNCTION; ORDER TO SHOW CAUSE |

Before the Court is Plaintiff Angela De Long's ("Plaintiff") *ex parte* application for a temporary restraining order ("TRO") as well as a motion for a preliminary injunction, both seeking to enjoin Defendant Polymathic Properties from "selling, transferring, disposing, hypothecating, or encumbering" the condominium located at 108 Path Way, San Jose, California ("the condominium") and allowing Plaintiff to remain in possession of the condominium pending resolution of this matter. *Ex Parte* TRO Application at 1, ECF No. 15; Mot. for Prelim. Injunction at ii, ECF No. 16. For the foregoing reasons, Plaintiff's TRO application and motion for a preliminary injunction are DENIED. Additionally, the Defendant is ORDERED to show cause why this case should not be remanded to state court because this Court lacks subject matter jurisdiction.

**I.     BACKGROUND**

1

Case No.: 11-CV-06388-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

On November 19, 2004, Plaintiff and her husband, Jamie Sandoval, entered into a home mortgage loan agreement with Defendant Bank of America, N.A. ("Bank of America") in connection with the purchase of the condominium. First Amended Complaint ("FAC"), ECF No. 13. The principal amount of the loan was approximately $363,750.00. FAC ¶ 7. At some point in either June 2009 or early 2010, Plaintiff contacted Bank of America about the federal Making Home Affordable Program seeking a loan modification. De Long Decl. in Support of Preliminary Injunction ("De Long Decl.") ¶ 10, ECF No. 15-1; FAC ¶ 12. Plaintiff signed a Trial Period Plan under which she was to make three trial payments before Bank of America would determine if she qualified for a loan modification agreement. De Long Decl. ¶ 11. According to the Trial Period Plan Agreement:[1] "the Plan is not a modification of the Loan Documents and . . . the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan." De Long Decl. Ex. A. Under the terms of the Trial Period Plan, Plaintiff was required to make modified payments in September 2009, October 2009, and November 2009.[2] *See* De Long Decl. ¶ 12; Ex. A. Plaintiff maintains that she made the three[3] trial payments as required pursuant to the terms of the Trial Period Plan Agreement. De Long Decl. ¶ 12. In November 2009, Plaintiff's husband moved out of the condominium. De Long Decl. ¶ 8.

In September 2010, Bank of America informed Plaintiff that she was not being approved for a loan modification because she had defaulted on the trial payments. De Long Decl. ¶ 14. Although Plaintiff was able to appeal Bank of America's decision, she was required to reapply for the Trial Payment Plan. De Long Decl. ¶ 15-16. Through subsequent correspondence with Bank of

---

[1] Confusingly, Plaintiff has attached an unsigned form copy of the Trial Period Plan. *See* De Long Ex. A. It is not apparent from the face of the document, that the agreement was actually executed.
[2] The FAC and Plaintiff's Declaration and Exhibit A diverge significantly on this point. The FAC indicates that De Long made trial payments of approximately $1,600 per month from April 2010 to September 2010, while De Long's Declaration, and Exhibit A, indicate that she made trial payments of $1,782.50 in September 2009, October 2009, and November 2009.
[3] It is unclear based on De Long's declaration whether she was required to make three or four trial payments. De Long Decl. ¶¶ 12-13.

2
Case No.: 11-CV-06388-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

1   America, De Long was informed that she was not eligible for loan modification, and the

2   foreclosure sale of the property would no longer be on hold.[4] De Long Decl. ¶¶ 19-25. On

3   September 27, 2011, a trustee's sale was held to foreclose on the deed of trust. FAC ¶ 27; FAC Ex.

4   C. Bank of America purchased the condominium for $182,250.00. FAC Ex. C.

5   On November 7, 2011, Plaintiff filed a state court action against Bank of America in Santa

6   Clara County Superior Court. Plaintiff apparently[5] brought several state law claims against Bank

7   of America arising out of the loan transaction related to the condominium. ECF No. 1. Bank of

8   America removed the case to federal court based on diversity and federal question jurisdiction on

9   December 16, 2011, and filed a motion to dismiss on December 22, 2011. ECF Nos. 1 & 7. On

10  December 21, 2011, Bank of America executed a grant deed conveying title to the condominium to

11  Polymathic Properties, Inc. *See* FAC Ex. D. On January 11, 2012, Plaintiff filed a First Amended

12  Complaint[6] alleging claims for breach of contract, breach of the implied covenant of good faith and

13  fair dealing, negligence, cancellation of trustee's deed upon sale, fraud, and fraudulent conveyance

14  against Bank of America, and seeking to impose a constructive trust on the condominium against

15  Polymathic Properties as a result of the alleged fraudulent conveyance from Bank of America to

16  Polymathic Properties. ECF No. 13. Plaintiff filed the instant *ex parte* TRO application and

17  motion for a preliminary injunction on January 18, 2012. *See* ECF Nos. 15 & 16.

18  **II.     LEGAL STANDARDS**

19  The standard for issuing a TRO is identical to the standard for issuing a preliminary

20  injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D.

21  Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323

22  (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to

23  succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

24  relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

---

[4] Plaintiff has not indicated when the foreclosure proceedings were initiated.
[5] Although the notice of removal references the original state court complaint. It does not appear that the original complaint was properly e-filed in this case.
[6] Because Plaintiff filed a First Amended Complaint as permitted pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Bank of America's Motion to Dismiss is DENIED, without prejudice because the motion is moot.

3
Case No.: 11-CV-06388-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

*Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F. 3d 1196, 1201 (9th Cir. 2009). The issuance of a preliminary injunction is at the discretion of the district court. *Indep. Living Ctr. v. Maxwell-Jolly,* 572 F.3d 644, 651 (9th Cir. 2009).

Federal Rule of Civil Procedure 65(b)(1) states that a court may issue a temporary restraining order without notice to the opposing party only if: "A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, Civil Local Rule 65-1(b) states that, unless relieved by the Court for good cause shown, "on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

### III.     DISCUSSION

#### A.  Procedural Deficiencies of the TRO Application

Plaintiff's *ex parte* TRO application fails to comply with both the federal and local rules governing *ex parte* TRO applications. For example, Plaintiff's attorney did not submit an affidavit establishing that the attorney gave notice to the defendant of the TRO Application as is required under Federal Rule of Civil Procedure 65. Moreover, Plaintiff has also not established that she has complied with Civil Local Rule 65-1 by delivering notice of the TRO to opposing counsel or to the opposing parties. This leaves the Court uncertain as to whether Defendants, particularly Polymathic Properties, are even on notice that the TRO was filed. For this reason, the Court DENIES Plaintiff's *ex parte* TRO application.

#### B.  Merits of the TRO and Preliminary Injunction

Plaintiff also fails to establish that she is entitled to a temporary restraining order or preliminary injunction based on the merits of her claim.[7] Because Plaintiffs seeks to enjoin *only*

---

[7] As an initial matter, the Court notes that Plaintiff fails to cite any case law to support her argument that she is likely to succeed on the merits of the claims alleged in the FAC in both her *ex parte* TRO application and the motion for a preliminary injunction.

4
Case No.: 11-CV-06388-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

1  Polymathic Properties from selling transferring, disposing, hypothecating, or encumbering the

2  subject property, Plaintiff must establish that she is likely to succeed on her claim that Bank of

3  America fraudulently conveyed the condominium to Polymathic Properties. *See* Cal. Civ. Code, §

4  3439.07; *Mejia v. Reed*, 31 Cal. 4th 657, 663 (2003) ("A finding of a fraudulent conveyance allows

5  defrauded creditors . . . to reach property in the hands of a transferee.").

6  Under California's version of the Uniform Fraudulent Transfer Act ("UFTA"), a transfer is

7  fraudulent if it is made "[w]ith actual intent to hinder, delay, or defraud" any creditor of the

8  transferor. Cal. Civil Code § 3439.04(a). A defrauded creditor may seek to have such a transfer

9  voided to the extent necessary to satisfy the creditor's claim. *See* Cal. Civil Code § 3439.07(a)(1).

10 However, a transfer made fraudulent by the transferor's intent may not be voided against a person

11 "who took in good faith and for a reasonably equivalent value." Cal. Civil Code § 3439.08(a).

12 Even assuming that the Plaintiff is a "creditor" within the meaning of CUFTA, Plaintiff has

13 not established that the transfer of the condominium deed was made with intent to defraud or was

14 not made for reasonably equivalent value of the property. Other than the timing of the transfer in

15 relation to the filing and prosecution of the instant civil suit, there is no indication that the transfer

16 of the deed was with the intent to defraud. Plaintiff has offered almost no evidence to support her

17 allegation that the transfer was intended to defraud. *See* Cal. Civ. Code § 3439.04(b). Moreover,

18 other than a bare allegation that the transfer was made "for inadequate consideration," Plaintiff has

19 offered no evidence regarding the terms of the transfer of the deed from Bank of America to

20 Polymathic Properties. *See* FAC ¶ 83. There is no evidence that Polymathic Properties did not

21 take the property for a reasonably equivalent value. Therefore, Plaintiff has failed to show that she

22 is likely to succeed on the merits of her claim for fraudulent conveyance against Bank of America,

23 and that a constructive trust should be imposed on the property against Polymathic Properties.

24 Therefore, Plaintiff's TRO Application and motion for a preliminary injunction are DENIED.

25 **IV.   ORDER TO SHOW CAUSE**

26 After reviewing the FAC, the notice of removal filed by Bank of America, and the

27 supporting papers, the Court has doubts regarding whether it has subject matter jurisdiction over

28 this case and believes that remand to state court may be appropriate. First, it does not appear that

5
Case No.: 11-CV-06388-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

federal question jurisdiction exists because Plaintiff has alleged no federal cause of action, nor does it appear from the face of the complaint that Plaintiff's right to relief depends on resolution of a substantial question of federal law. *See* 28 U.S.C. §1331; *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) ("A case 'arises under' federal law within the meaning of § 1331 if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'") (citations omitted).

Second, it appears that complete diversity between the parties may no longer exist in light of Plaintiff's addition of Polymathic Properties as a Defendant in this matter. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); FAC ¶¶ 1 & 3. Because Plaintiff has amended her complaint and effectively destroyed diversity jurisdiction, remand to state court may be appropriate in this case. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Accordingly, the Court ORDERS Defendant to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction.

As the party invoking federal jurisdiction, Defendant Bank of America has the burden of showing that jurisdiction is proper. *See Thornhill Publishing Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Therefore, by **February 20, 2012**, Bank of America shall file a brief, no longer than fifteen pages, explaining why the Court has subject matter jurisdiction over this case. Plaintiff may file a response, no longer than fifteen pages, indicating her position on the issue, by **March 12, 2012**. A hearing on the matter will be set for **May 3, 2012**. The Court will attempt to resolve the issue on the papers before the hearing date.

**IT IS SO ORDERED.**

Dated: January 23, 2012

_____
LUCY H. KOH
United States District Judge

6

Case No.: 11-CV-06388-LHK
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER