UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGELA DE LONG, | Case No.: 11-CV-06388-LHK |
| Plaintiff, | |
| v. | ORDER REMANDING CASE TO SUPERIOR COURT |
| BANK OF AMERICA, N.A., POLYMATHIC PROPERTIES, INC., and DOES 1 TO 100, inclusive, | |
| Defendants. | |

On January 23, 2012, "[a]fter reviewing the FAC, the notice of removal filed by Bank of America, and the supporting papers," the Court issued an order to show cause why this case should not be remanded to state court. The Court indicated that it "has doubts regarding whether it has subject matter jurisdiction over this case and believes that remand to state court may be appropriate." Order Denying *Ex Parte* Application for Temporary Restraining Order ("January 23 Order") at 5-6, ECF No. 17. Defendant was ordered to file a response to the show cause order by February 20, 2012, and Plaintiff was permitted to file a statement of her position on the issue by March 12, 2012. A hearing on the order to show cause was set for May 3, 2012. The parties have not responded to the order to show cause. The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7–1(b) and VACATES the hearings currently set for May 3, 2012. Having considered the FAC, the notice of removal filed by Bank of America,

1

Case No.: 11-CV-06388-LHK
ORDER REMANDING CASE TO STATE COURT

and the supporting papers, and having received no guidance from the parties despite an order to brief the issue, the Court REMANDS this case to the Santa Clara County Superior Court.

## I.   BACKGROUND

This case relates to a home mortgage loan in connection with the purchase of a condominium located at 108 Path Way, San Jose, California ("the condominium"). On November 19, 2004, Plaintiff and her husband, Jamie Sandoval, entered into a home mortgage loan agreement with Defendant Bank of America, N.A. ("Bank of America"). First Amended Complaint ("FAC"), ECF No. 13. The principal amount of the loan was approximately $363,750.00. FAC ¶ 7. At some point in either June 2009 or early 2010, Plaintiff contacted Bank of America about the federal Making Home Affordable Program seeking a loan modification. De Long Decl. in Support of Preliminary Injunction ("De Long Decl.") ¶ 10, ECF No. 15-1; FAC ¶ 12. Plaintiff signed a Trial Period Plan under which she was to make three trial payments before Bank of America would determine if she qualified for a loan modification agreement. De Long Decl. ¶ 11. Under the terms of the Trial Period Plan, Plaintiff was required to make modified payments in September 2009, October 2009, and November 2009.[1] *See* De Long Decl. ¶ 12; Ex. A. Plaintiff maintains that she made the three[2] trial payments as required pursuant to the terms of the Trial Period Plan Agreement. De Long Decl. ¶ 12. In November 2009, Plaintiff's husband moved out of the condominium. De Long Decl. ¶ 8.

In September 2010, Bank of America informed Plaintiff that she would not be approved for a loan modification because she had defaulted on the trial payments. De Long Decl. ¶ 14. Although Plaintiff was able to appeal Bank of America's decision, she was required to reapply for the Trial Payment Plan. De Long Decl. ¶ 15-16. Through subsequent correspondence with Bank of America, De Long was informed that she was not eligible for loan modification, and the foreclosure sale of the property would no longer be on hold.[3] De Long Decl. ¶¶ 19-25. On

---

[1] The FAC and Plaintiff's Declaration and Exhibit A diverge significantly on this point. The FAC indicates that De Long made trial payments of approximately $1,600 per month from April 2010 to September 2010, while De Long's Declaration, and Exhibit A, indicate that she made trial payments of $1,782.50 in September 2009, October 2009, and November 2009.
[2] It is unclear based on De Long's declaration whether she was required to make three or four trial payments. De Long Decl. ¶¶ 12-13.
[3] Plaintiff has not indicated when the foreclosure proceedings were initiated.

2
Case No.: 11-CV-06388-LHK
ORDER REMANDING CASE TO STATE COURT

September 27, 2011, a trustee's sale was held to foreclose on the deed of trust. FAC ¶ 27; FAC Ex. C. Bank of America purchased the condominium for $182,250.00. FAC Ex. C.

On November 7, 2011, Plaintiff filed a state court action against Bank of America in Santa Clara County Superior Court. Plaintiff apparently[4] brought seven state law claims against Bank of America arising out of the loan transaction related to the condominium. ECF No. 1. Bank of America removed the case to federal court based on diversity and federal question jurisdiction on December 16, 2011, and filed a motion to dismiss on December 22, 2011. ECF Nos. 1 & 7. On December 21, 2011, Bank of America executed a grant deed conveying title to the condominium to Polymathic Properties, Inc. *See* FAC Ex. D. On January 11, 2012, Plaintiff filed the FAC naming Bank of America and Polymathic Properties as Defendants and alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, cancellation of trustee's deed upon sale, fraud, and fraudulent conveyance against Bank of America. The FAC also sought to impose a constructive trust on the condominium against Polymathic Properties as a result of the alleged fraudulent conveyance from Bank of America to Polymathic Properties. ECF No. 13. Plaintiff filed an *ex parte* TRO application and motion for a preliminary injunction on January 18, 2012 allowing Plaintiff to remain in possession of the condominium until resolution of the instant matter. *See* ECF Nos. 15 & 16.

Plaintiff's motion for a temporary restraining order and motion for a preliminary injunction were denied on January 23, 2012 ("January 23 Order"). *See* ECF No. 17. In the January 23 Order, the Court explained that "[a]fter reviewing the FAC, the notice of removal filed by Bank of America, and the supporting papers, the Court has doubts regarding whether it has subject matter jurisdiction over this case and believes that remand to state court may be appropriate." January 23 Order at 5-6. Defendant, as the party asserting federal jurisdiction, was ordered to file a brief by February 20, 2012, explaining why this case should not be remanded to state court for lack of subject matter jurisdiction. Plaintiff was permitted to file a response, indicating her position on the issue, by March 12, 2012. The parties have not responded to the Court's order to show cause.

---

[4] Although the notice of removal references the original state court complaint, the original complaint does not appear to have been properly filed in this case.

3
Case No.: 11-CV-06388-LHK
ORDER REMANDING CASE TO STATE COURT

Instead, Bank of America filed a motion to dismiss, which Defendant Polymathic Properties joined. *See* ECF No. 18, 23. Because the Court determines that it does not have subject matter jurisdiction, and remands this case to state court, the Court does not reach the merits of Defendants' motion to dismiss.

## II. DISCUSSION

A federal court is obliged to raise issues concerning its subject matter jurisdiction sua sponte*. Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *Chaganti v. I2 Phone Int'l, Inc.*, 635 F. Supp. 2d 1065, 1070 (N.D. Cal. 2007) (Walker, J.) aff'd, 313 F. App'x 54 (9th Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In a removal action, "[t]he burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

In this case, Bank of America's basis for removal to federal court was pursuant to both 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1332 (diversity jurisdiction). *See also* 28 U.S.C. § 1441 ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants."). Therefore, the Court will consider each of the asserted jurisdictional bases in turn.

### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. §1331, district courts have subject matter jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law within the meaning of § 1331 if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertech., Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted). Under limited circumstances, federal question jurisdiction is present when the resolution of a state law cause of action "depends upon the

4

Case No.: 11-CV-06388-LHK
ORDER REMANDING CASE TO STATE COURT

construction or application of [federal law]." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (citations omitted).

The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Gully v. First Nat'l Bank*, 299 U.S. 109, 115 (1936). Federal jurisdiction is proper only in those cases where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that . . . [a] claim is 'really' one of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). Such circumstances are a "special and small category." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Courts should resolve doubts as to removability in favor of remanding the case to state court. *Id.*

Here, at the time of removal, the original complaint contained seven state law causes of action. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir. 1998) (jurisdiction analyzed at the time of removal); Notice of Removal at 4. Although Defendant did not attach the original complaint to the notice of removal, and Bank of America has not since filed a copy, it appears that the basis of removal was that the state law causes of action arose out of a loan modification agreement between Bank of America and Plaintiff. This loan modification agreement was part of the government's Home Affordability Modification Program ("HAMP"). Notice of Removal at 3. Accordingly, Defendant asserted that Plaintiffs' claims require interpretation of federal law. *Id.* at 4-5. Bank of America indicates that the FAC is similar to the original complaint. Mot. to Dismiss the FAC at 1, ECF No. 18. The FAC also contains no federal cause of action and merely references the federal HAMP program.

Other federal courts have held that state-law claims alleging violations of HAMP guidelines do not create federal question jurisdiction. *See Brown v. Wells Fargo Bank, N.A.*, No. 2:11cv309, 2011 WL 5593174, at *5 (E.D. Va. Nov. 15, 2011); *Maxwell v. Aurora Loan Servs., LLC*, No. 4:11–CV–1264 CAS, 2011 WL 4014327, at *2 (E.D. Mo. Sept. 9, 2011); *White v. Wells Fargo*

5
Case No.: 11-CV-06388-LHK
ORDER REMANDING CASE TO STATE COURT

*Home Mortg.*, No. 1:11–cv–408–MHT, 2011 WL 3666613, at *2 (M.D. Ala. Aug. 22, 2011); *Ariz. ex rel. Horne v. Countrywide Fin. Corp.*, No. CV–11–131–PHX–FJM, 2011 WL 995963, at *4 (D. Ariz. Mar. 21, 2011); *Preciado v. Ocwen Loan Servicing*, No. CV 11–1487 CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Delgadillo v. Countrywide Home Loans, Inc.*, No. CV-09-7435 AHM, 2009 WL 5064943, at *2 (C.D. Cal. Dec. 23, 2009) (HAMP "does not mandate federal jurisdiction."). Accordingly, Defendant has not met its burden of establishing that the claims presented are of the "small and special category" of cases which raise a substantial federal question though they are embedded in a state law claim. The mere fact that the loan modification in question arose out of a federal program and may implicate federal regulations is insufficient to reach the level of substantiality to support the exercise of federal jurisdiction. *See Grable*, 545 U.S. at 314 ("[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction."). Therefore, federal question jurisdiction was lacking at the time of removal.

### B. Diversity Jurisdiction

Federal district courts have jurisdiction over suits for more than $75,000 between "citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists only in cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). At the time of removal, it appears as though complete diversity between the parties existed because Bank of America, the sole original defendant, is a citizen of North Carolina, and Plaintiff is an individual of California. *See* Notice of Removal at 5-6, ECF No. 1. Moreover, the amount in controversy was met because Plaintiff sought to quiet title and to cancel the Trustee's Deed upon sale for the property, which was valued at $214,000. *Id.* at 7.

However when Plaintiff filed the FAC, Plaintiff named an additional defendant, Polymathic Properties. FAC ¶ 3. The addition of Polymathic Properties to the case destroyed complete diversity in this case because both defendant Polymathic Properties and Plaintiff are citizens of California. FAC ¶¶ 1 & 3. Even though Plaintiff was permitted under the Federal Rules to file the FAC as a matter of right, because the FAC was filed within 21 days of Bank of America's motion

6

1    to dismiss, this Court must still determine whether to permit joinder of Polymathic Properties. *See*

2    Fed. R. Civ. P. 15(a)(1)(B); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086 (C.D. Cal. 1999); *Mayes*

3    *v. Rapoport*, 198 F.3d 457, 462 n. 11 (4th Cir. 1999). Pursuant to 28 U.S.C. § 1447(e), "[i]f after

4    removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

5    matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State

6    court." In these circumstances, "[t]he decision regarding joinder of a diversity destroying-

7    defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d

8    686, 691 (9th Cir. 1998).

9    In deciding whether to allow joinder of the newly added defendant, district courts have

10   considered a number of factors, including: (1) whether the new defendant is a necessary party; (2)

11   whether any statute of limitations would preclude an original action against defendant in state

12   court; (3) whether plaintiff has unjustifiably delayed seeking joinder; (4) whether joinder is

13   intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant

14   appear valid; and (6) whether denying joinder would prejudice plaintiff. *Palestini v. Gen.*

15   *Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d

16   1016 (C.D. Cal. 2002). "Any of the factors might prove decisive, and none is an absolutely

17   necessary condition for joinder." *Yang v. Swissport USA, Inc.*, No. 09-cv-03823 SI, 2010 WL

18   2680800, at *3 (N.D. Cal. July 6, 2010) (Illston, J.)

19   In this instance, the Court will exercise its discretion and allow joinder of Polymathic

20   Properties. First, Polymathic Properties is a necessary party. In determining whether a defendant

21   is a necessary party pursuant to 28 U.S.C. § 1447(e), courts generally look to Federal Rule of Civil

22   Procedure 19(a). *See Boon*, 229 F. Supp. 2d at 1020. Rule 19(a) requires joinder of persons whose

23   absence would preclude the grant of complete relief, impede their ability to protect their interests,

24   or subject a party to the risk of incurring inconsistent obligations. Fed. R. Civ. P. 19(a); *IBC*

25   *Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011

26   (N.D. Cal. 2000) (Conti, J.). A necessary party is one having an interest in the controversy, and

27   who ought to be made party to the action to enable the court to do complete justice and adjudicate

28   the rights of parties accordingly. *IBC*, 125 F. Supp. 2d at 1012 (citations omitted). Courts will

7
Case No.: 11-CV-06388-LHK
ORDER REMANDING CASE TO STATE COURT

1    prevent joinder of non-diverse defendants where the proposed defendants "are only tangentially

2    related to the cause of action or would not prevent complete relief." *Id.* at 1012 (citations omitted).

3    In this case, Plaintiff joined Polymathic Properties because she seeks return of title to the property

4    in which she resides. Prior to the transfer in title from Bank of America to Polymathic Properties,

5    Plaintiff's claims to recover title to the property were against the then-current title-holder, Bank of

6    America. After the title was transferred, Plaintiff added the current title-holder under a theory of

7    fraudulent transfer. Thus, in order to obtain the relief she seeks – return of title to the property

8    from Polymathic Properties back to Plaintiff – joinder of the current title-holder is necessary. *See*

9    FAC Prayer for Relief ¶¶ 13-14. Thus, this factor weighs in favor of allowing joinder of the newly

10   named defendant.

11   Second, Plaintiff's claim against Polymathic would not be barred by the statute of

12   limitations if brought in state court. The statute of limitations on a claim for a fraudulent transfer is

13   four years. *See* Cal. Civ. Code § 3439.09(a)-(b). Bank of America conveyed the deed to

14   Polymathic Properties in December 2011. Plaintiff's claim would not be time barred if brought in

15   state court. Thus, this factor does not weigh in favor of allowing joinder. *See Boon*, 229 F. Supp.

16   2d at 1023.

17   Third, Plaintiff has not unjustifiably delayed in amending her complaint. Plaintiff filed the

18   FAC less than a month after the case was removed. Moreover, Plaintiff's claim against Polymathic

19   Properties did not arise until Bank of America transferred the property. Plaintiff filed the FAC less

20   than a month after this claim arose. Thus, this factor weighs in favor of allowing joinder of

21   Polymathic Properties. *See id.* (amendment less than a month after removal is timely); *IBC*, 125 F.

22   Supp. 2d at 1012 (same).

23   "Consideration of the final fourth and fifth factors is intertwined, since an assessment as to

24   the strength of the claims against the proposed new defendant (fifth factor) would appear to bear

25   directly on whether joinder is sought solely to defeat diversity and divest this Court of

26   jurisdiction." *Larry O. Crother, Inc. v. Lexington Ins. Co.*, No. 11-cv-00138-MCE-GGH, 2011

27   WL 2259113, at \*5 (E.D. Cal. June 7, 2011). While Plaintiff's claim against Polymathic Properties

28   may not be particularly strong, it does not appear that Plaintiff added a frivolous claim against

8
Case No.: 11-CV-06388-LHK
ORDER REMANDING CASE TO STATE COURT

1  Polymathic Properties solely to defeat diversity jurisdiction. *See Mayes*, 198 F.3d at 463. Rather,
2  it appears that Plaintiff added Polymathic so that Plaintiff could obtain the relief that she sought all
3  along – return of the subject property after it was foreclosed upon.
4  Finally, it appears that Plaintiff will suffer prejudice if the Court does not allow her to file
5  the FAC. Refusing to allow the amendment would require Plaintiff to either litigate in two forums
6  or forego the claims against Polymathic Properties. *See IBC*, 125 F. Supp. 2d at 1013. *Cf. Boon*,
7  229 F. Supp. 2d at 1025. Looking at the factors as a whole, the Court finds amendment is
8  warranted on the grounds that joinder of Polymathic Properties is necessary for Plaintiff to obtain
9  the relief that she seeks, Plaintiff's amendment was not unreasonably delayed, and it does not
10 appear that the amendment was made to destroy diversity. Finally, it is worth noting that despite
11 an invitation to do so, Bank of America has not indicated its position on this Court's subject matter
12 jurisdiction, contested the amendment to the complaint, or argued that remand is improper.
13 Therefore, the Court presumes that Bank of America has no objection to joinder of Polymathic
14 Properties, and would not be prejudiced by remand to state court.
15 The Court will exercise its discretion and allow joinder of Polymathic Properties. The
16 joinder of the newly added defendant destroys diversity jurisdiction, and divests this Court of the
17 remaining basis of subject matter jurisdiction. Accordingly, this case must be remanded to state
18 court.

### III. CONCLUSION

20 For the foregoing reasons, the Court determines that it lacks subject matter jurisdiction and
21 REMANDS this case to Santa Clara County Superior Court. The Clerk shall close the file.
22 **IT IS SO ORDERED.**
23 Dated: April 27, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

9
Case No.: 11-CV-06388-LHK
ORDER REMANDING CASE TO STATE COURT